Mr. Chief Justice Cartter
delivered the opinion of the court.
The motion to quash this summons is predicated on the exemption of the defendant, under the circumstances set forth in the record, from the service of the summons — a summons which is, in brief, but a notice to appear and plead or suffer the penalty of a judgment by default. The question is, whether there is any such immunity or privilege. Undoubtedly the courts have held that a man may not be arrested while in attendance upon a court as a witness or as a party, and for the reason that it affects the integrity of the administration of justice ¿ and in the protection of that integrity, the courts have ordained that no man in attendance upon its deliberations shall be interfered with, or the administration of justice interrupted by the service of process. But that doctrine, which is- all well enough, had its origin in those cases where the process is one of arrest.
There are, however, it seems some jurisdictions — not many, and all of them halting — which extend this rule to the service of a mere summons to appear and defend.
Now personal actions are, as we know, actions of a transitory character. They follow the party wherever he is to be found. There is no immunity from the service of process because the party is only temporarily within the jurisdiction-of the court. Whether this be right or wrong is another question. Experience, however, has shown its utility, and to abolish the rule would be to abolish transitory actions altogether. The interruption to the administration of justice by the service of process is another thing, and one for which there is a remedy. And the courts have said that *351 the court room, during a pending trial, is neither the place nor time to serve a litigant or even his witnesses with process of summons.
But what is the case here ? The defendant says that he was in attendance upon the Probate Court. But he has not shown that he was a party to the proceeding pending there. He was not a devisee in the will. On the contrary, he claimed to be an enemy to the will. So that without being a party to the investigation pending, without being interested in it except as an antagonist, a mere observer from the outside of the deliberations that were going on, he claims exemption from process.
We thinlc there is no rule which requires the protection of the dignity of the administration of justice to be extended to such a case. There may be good and pertinent reasons for protecting a party or a witness from arrest, but there is neither rhyme nor reason in the claim of a mere looker-on for an exemption from the service of a summons because he happens to.be somewhere about the court house.
It is a doctrine that under the Constitution of the United States and the high privilege of legislative members of the Government, they shall be secure against interference with the discharge of their functions by exemption from arrest; but that is as far as the law goes, and this court has held upon more than one occasion that they are exempt no further than that. To extend immunity to this defendant would be going further than under the Constitution the privilege of a legislator is carried in protecting him.
This is the view we take of this matter, and we shall have to reverse the decision below and restore this process.